```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDRES CASTILLO-FLORES         :    CIVIL ACTION
                               :
         v.                    :
                               :
CPT. JONATHAN SOLTZ            :    NO. 08-5256
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    December 8, 2008

      This is an action brought against an officer of the United States armed services seeking "lost wages." The defendant has moved to dismiss for failure to exhaust administrative remedies. The Court will deny the motion as premature.

      This matter was filed pro se in the Magisterial District Court of Bucks County, Pennsylvania. It was removed to this Court on the ground that federal jurisdiction existed because the action was brought against an officer of the United States or a member of the United States armed services for actions taken under color of his or her office. 28 U.S.C. §§ 1442(a)(1) and 1442a.

      The complaint consists of a pre-printed form containing a one-sentence description of the plaintiff's claim. It states that plaintiff Castillo-Flores seeks $8,000 in "lost wages" from defendant Cpt. Jonathan Soltz, whose address is given as the Department of the Army, 733 TC Company, in Reading, Pennsylvania. The complaint gives no further information about the claim.

The defendant[1] has now moved to dismiss for lack of subject-matter jurisdiction on the ground that Castillo-Flores failed to exhaust his administrative remedies before filing suit. The plaintiff has not filed a response to the motion. Because the plaintiff is proceeding pro se, the Court cannot grant the motion as uncontested, but will proceed to consider it on the merits. See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

In his motion, the defendant argues that the Court lacks subject-matter jurisdiction because Castillo-Flores did not exhaust his administrative remedies with the Army before filing suit. Because the defendant is moving to dismiss on jurisdictional grounds under Federal Rule of Civil Procedure 12(b)(1), he has submitted evidence outside Castillo-Flores' complaint. CNA v. U.S., 535 F.3d 132, 145 (3d Cir. 2008).

The motion to dismiss states that Castillo-Flores is a member of the United States Army Reserve and that the $8,000 at issue in his suit concerns a request by Castillo-Flores for "incapacitation pay" for an injury to his back. The defendant attaches to his motion letters dated August 27, 2008, and October 29, 2008, from the Department of the Army to Castillo-Flores denying his request for incapacitation pay for failure to provide

---

[1] The motion to dismiss contends that the proper defendant in this matter is not Captain Soltz, but the United States and states that, should the case continue, Captain Soltz will move to substitute the United States as a defendant.

requested medical documentation and failure to show "a Line of Duty approved for this injury." The October 29 letter states that Castillo-Flores has a right to request reconsideration of his case within 30 days of receiving the letter. The motion also provides a declaration by the Director of the Army Board for Correction of Military Records ("ABCMR") stating that the ABCMR can address Castillo-Flores' claim for incapacitation pay. The declaration states that, if Castillo-Flores requests relief and if the ABCMR "deems relief appropriate, it will recommend the Secretary of the Army grant relief."

The defendant states that "[l]ongstanding precedent in the Third Circuit holds that members of the military must exhaust military administrative remedies before raising their claims in federal court" unless a plaintiff can demonstrate "special circumstances" justifying court intrusion on military matters, citing Nelson v. Miller, 373 F.2d 474, 478-81 (3d Cir. 1967). This description of Nelson is incomplete.

In Nelson, a Navy engineer challenged his discharge for committing homosexual acts on the ground that the conduct at issue was nonconsensual and the result of a sexual assault. The plaintiff filed his action in federal court after he had exhausted all his pre-discharge administrative remedies, but before he could a request review from the Board for Correction of Naval Records, which could take place only after his discharge became effective. The district court denied the plaintiff a

3

preliminary injunction, in part, because it found that the availability of post-discharge administrative review prevented a finding of irreparable harm.  Id., 373 F.2d at 475-77.

The Nelson court rejected this reasoning.  Noting that it had not yet addressed what effect "the availability of post-discharge administrative review" would have "upon the jurisdiction of a court requested to take administrative action," the court rejected decisions in other circuits that had held that the availability of unexhausted administrative remedies required a federal action to be dismissed as premature.  Instead, the Nelson court approved a "more flexible" approach that held that "the district court was not deprived of jurisdiction by the [plaintiff's] failure to exhaust post-discharge administrative remedies" but that it could "in its discretion, refrain from decision while retaining jurisdiction over the case."  Nelson, 373 F.2d at 478-49 (citing Ogden v. Zuckert, 298 F.2d 312 (D.C. Cir. 1961)).  Applying this standard, the court found that the plaintiff should nonetheless be required to apply to the Board for Correction of Naval Records before proceeding in federal court because the Board could afford him full relief and because the Navy was entitled to deference in interpreting its regulations.  The Nelson court found that the district court properly stayed the case and retained jurisdiction to await a final Navy determination.  Id. at 480-81.

Nelson, therefore, does not support the defendant's contention that a plaintiff's failure to exhaust military administrative remedies deprives a district court of subject-matter jurisdiction over the plaintiff's claims.  To the contrary, Nelson expressly holds that a failure to exhaust is not a jurisdictional issue.  The United States Court of Appeals for the Third Circuit reaffirmed this holding in Jordan v. National Guard Bureau, 799 F.3d 99, 102 n.5 (3d Cir. 1986).  In Jordan, a district court had dismissed a civil rights suit by a national guardsman, in part, for failure to contest his discharge before the Air Force Board for the Correction of Military Records.  In a brief footnote, the Jordan court held that dismissal for failure to exhaust was improper because "this court has not adopted a per se exhaustion requirement for military personnel" and, in Nelson, had "explicitly rejected a rule that would require recourse" to Boards for the Correction of Military Records.  Instead, exhaustion "depends on the potential adequacy of that remedy in the particular case."  Id.

Under Nelson and Jordan, Castillo-Flores' failure to exhaust his administrative remedies is not an issue of subject-matter jurisdiction.  Instead, his failure to exhaust may require the Court to exercise its discretion to either stay or dismiss his case (while retaining jurisdiction) to allow Castillo-Flores to pursue his administrative remedies, if those remedies can afford him adequate relief or are not otherwise futile.

Before the Court can consider whether to exercise its discretion, however, it must have a valid factual record to consider.  The defendant submitted material outside the plaintiff's complaint on the ground that his motion to dismiss is brought under Federal Rule of Civil Procedure 12(b)(1) and challenges the Court's subject-matter jurisdiction.  <u>Nelson</u> and <u>Jordan</u> make clear, however, that failure to exhaust is not an issue of subject-matter jurisdiction.  The defendant's motion therefore is not properly brought under 12(b)(1), but must be evaluated under 12(b)(6) as a motion to dismiss for failure to state a claim.

A 12(b)(6) motion, with limited exceptions, cannot rely on matters outside the complaint.  See <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.").  The letters to Castillo-Flores from the Department of the Army and the declaration of the ABCMR director are not matters of public record, nor do they fall within any other category of material that can be considered under 12(b)(6).  Without relying on these documents, the Court has no basis to find that Castillo-Flores has not exhausted his administrative remedies, or even that he has administrative remedies to exhaust.  The basic premise of the defendant's motion that Castillo-Flores' claim concerns

6

incapacitation pay is based on information that does not appear on the face of the complaint.

The Court will therefore deny the defendant's motion to dismiss on the record properly before it.  The defendant may raise the issue of the plaintiff's failure to exhaust at a later stage of the case on a fuller record, either after the close of pleadings or at summary judgment.  At such time, the defendant should be prepared to address, if the Court finds that the plaintiff should be required to exhaust his administrative remedies, whether this case should be dismissed or stayed pending the administrative proceedings.

An appropriate Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANDRES CASTILLO-FLORES         :    CIVIL ACTION
                               :
          v.                   :
                               :
CPT. JONATHAN SOLTZ            :    NO. 08-5256
```

AND NOW, this 8th day of December, 2008, upon consideration of the Defendant's Motion to Dismiss (Docket No. 2), IT IS HEREBY ORDERED, for the reasons set out in the accompanying memorandum of law, that the Motion is DENIED.

                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.